UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD MARSH,

        Plaintiff,

v.                                                           Case Number 08-10171-BC
                                                             Honorable Thomas L. Ludington
ABSOLUTE COLLECTION AND RECOVERY,
INC., BAD DEBT RECOVERY SERVICES, INC.,

        Defendants.
_____/

## ORDER DIRECTING PLAINTIFF TO FILE SUPPLEMENTAL BRIEFING ON HIS MOTIONS FOR DEFAULT JUDGMENT

On January 11, 2008, Plaintiff Richard Marsh filed a complaint against Defendants Absolute Collection and Recovery, Inc., and Bad Debt Recovery Services, Inc., alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, and the Michigan Occupational Code, Mich. Comp. Laws § 339.901 *et seq.* Plaintiff filed certificates of service on Defendants, based on return receipts from certified mail that show Defendants received those mailings on January 17, 2008 and January 18, 2008.

On March 25, 2008, the Clerk of Court entered default against Defendants, at Plaintiff's request. On July 23, 2008, Plaintiff filed motions for entry of default as to each Defendant. Plaintiff requests that judgment enter against each Defendant in the amount of $2,175, the total of $1,000 damages permitted by 15 U.S.C. § 1692k(a)(2)(A), attorney's fees of $1,000, and costs of $175. Plaintiff does not provide any affidavit or supporting documentation to support his claim of attorney's fees of $1,000 as to each Defendant. Plaintiff's motions reflect service of those motions by regular mail to Defendants.

Federal Rule of Civil Procedure 4(h)(1) provides that service on a corporation may be achieved by delivering a copy of the summons and complaint on an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process. The rule also provides that service permissible pursuant to state law is also acceptable. Fed. R. Civ. P. 4(e)(1). Under state law, sending a summons and a copy of a complaint by registered or certified mail can suffice for service on an individual. Mich. Ct. R. 2.105(A)(2). For a corporation, however, no such service is authorized. *See* Mich. Ct. R. 2.105(D). Accordingly, the Court will direct Plaintiff to provide supplemental briefing regarding the sufficiency of service on Defendants, so as to demonstrate adequate notice to Defendants prior to disposing of Plaintiff's motions for entry of default judgment. Also, in light of Federal Rule of Civil Procedure 55, the Court will direct Plaintiff to provide an affidavit in support of his request for attorney's fees.

Accordingly, it is **ORDERED** that Plaintiff is **DIRECTED** to provide, on or before **August 15, 2008**, supplemental briefing regarding the sufficiency of service of the complaint on Defendants and an affidavit in support of his request for attorney's fees.

        s/Thomas L. Ludington
        THOMAS L. LUDINGTON
        United States District Judge

Dated: July 31, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 31, 2008.

        s/Tracy A. Jacobs
        TRACY A. JACOBS